UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENDY A. FALLA,

    Plaintiff,

v.

L. EDWARDS,

    Defendant.

Case No. 16-cv-06667-HSG (PR)

**ORDER OF DISMISSAL**

Plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP"), filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that on January 4, 2016, while at PBSP, he had a scheduled telephonic court hearing pertaining to a child custody case pending in Los Angeles County Superior Court.  Defendant PBSP correctional counselor L. Edwards was responsible for providing inmates telephone access to attend court proceedings telephonically from PBSP.  On this day, however, Defendant Edwards failed to provide Plaintiff with telephone access.  As a result of Plaintiff missing the scheduled hearing, the Los Angeles County Superior Court terminated Plaintiff's parental rights and imposed sanctions.  Plaintiff asserts a claim for denial of access to the courts.

Prisoners have a constitutional right of access to the courts.  *Lewis v. Casey*, 518 U.S. 343, 350 (1996).  To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury.  *See Lewis*, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement.  *See id.* at 354-55.  The right of access does not extend to litigation other than Section 1983 claims and direct and collateral challenges to convictions and sentences.  *Id.* at 355.  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.*

Plaintiff's allegation that he was prevented from attending his child custody case telephonically does not state a cognizable Section 1983 claim for denial of access to the courts. Even if the denial caused an actual injury to his ability to litigate that case, he would have no constitutional claim because the case had nothing to do with a challenge to his conviction or conditions of confinement. *See id.*; *see also Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (state official's refusal to transport prisoner to court for a state civil trial that is unrelated to the cause or conditions of the detention does not violate prisoner's constitutional right of access to the courts). The right of access does not extend to child custody cases. The claim is DISMISSED without leave to amend. However, the dismissal is without prejudice to re-filing in state court based on an alleged violation of state law.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: 1/3/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

3